In the Matter of JAMES R. RERISI, an Attorney, Resignor.

Second Department, March 8, 1993

## APPEARANCES OF COUNSEL

*John Kase,* Garden City, for resignor.

*Frank A. Finnerty, Jr.,* Westbury *(Grace D. Moran* of counsel), for Grievance Committee for the Tenth Judicial District.

## OPINION OF THE COURT

Per Curiam.

James R. Rerisi has submitted an affidavit dated November 20, 1992, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Rerisi was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on September 12, 1979.

Mr. Rerisi acknowledges that he is the subject of an investigation by the Grievance Committee for the Tenth Judicial District concerning allegations that he converted funds entrusted to him by clients.

Mr. Rerisi indicates that he is tendering his resignation freely and voluntarily, that he is not being subject to coercion or duress, and that he is fully aware of the implications of submitting his resignation. He states that he could not successfully defend himself on the merits of any disciplinary charges which might be initiated against him by the Grievance Committee based upon the facts and circumstances of his professional conduct.

Mr. Rerisi further acknowledges that he is submitting his resignation subject to an order of this Court directing that he make restitution to any persons whose money or property he misappropriated or that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). Mr. Rerisi recognizes that any order issued pursuant to Judiciary Law § 90 (6-a) may be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Counsel for the Grievance Committee has recommended that the Court accept the resignation. Under the circumstances, the resignation of James R. Rerisi as a member of the Bar is accepted and directed to be filed. Accordingly, James R. Rerisi is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and COPERTINO, JJ., concur.

Ordered that the resignation of James R. Rerisi is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, James R. Rerisi is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that James R. Rerisi shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, James R. Rerisi is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing

as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), James R. Rerisi, is directed to make restitution in the amounts set forth to the following persons whose money or property was willfully misappropriated or misapplied, less the amount of any awards to those persons by the Lawyers' Fund for Client Protection arising out of said misappropriation or misapplication, without prejudice to any further restitution which may be found due:

| | |
|---|---|
| Susan Wilson | $15,000.00 |
| Penna Lumberman's Mutual | $ 6,319.46 |
| Mr. and Mrs. Zacharia | $18,000.00 |
| Glendale Tile | $ 750.00 |
| Sweets Catalog | $ 575.00 |
| Fireman's Fund | $ 1,100.00 |
| European American Bank | $10,000.00 |

and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the persons whose money or property was willfully misappropriated or misapplied by him; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person.